PER CURIAM.
The Florida Judicial Qualifications Commission recommends that this Court discipline Judge Linda A. Vitale through a public reprimand for conduct unbecoming a member of the judiciary. We have jurisdiction pursuant to article V, section 12, of the Florida Constitution, and we approve the recommendation of the Commission. Judge Vitale and the Commission entered into the following stipulation setting forth the facts and the recommended discipline:
1. Judge Vitale was the presiding judge in the case of Carolyn Gold, as beneficiary and co-trustee of the Carolyn Gold Trust and of the Ruth Wohl Irrevocable Trust V vs. Bert Wohl, as the co-trustee of the Carolyn Gold Trust and of the Ruth Wohl Irrevocable Trust V, Case No. 92-2268(17) in the Circuit Court of the 17th Judicial Circuit in Broward County, Florida.
A case management conference was set in this case for October 20,1992, and counsel for the parties appeared by telephone conference. Counsel advised the court that a motion to dismiss was pending but counsel believed that an amicable settlement of the case could soon be reached. *1066 The judge announced that within 10 days of the case management conference order, the attorneys or one of them shall either advise the court in writing that the case had been settled or shall notice the motion, and if neither was filed the ease would be dismissed. On October 20, 1992 the judge entered a case management conference order which indicated the case was settled and final order of dismissal would be entered within 10 days. The court was notified in writing by letter dated October 28, 1992 that the case, had not been settled and that the motion to dismiss had been noticed for hearing on November 16, 1992.
On November 16, 1992 when the attorneys arrived from Miami, they were advised that their hearing did not make the calendar. The motion to dismiss was re-noticed for hearing on December 1, 1992 and changed by the court to December 3, 1992. A final order of dismissal had been signed by the judge on November 12,1992, which was filed by the clerk on November 25, 1992, post-marked to the attorneys on November 30, 1992 and received by them on December 1, 1992. At the December 3, 1992 hearing, the attorneys for both parties attempted to argue that the final order of dismissal, a copy of which they had received only two days before, was a mistake and should be vacated. The judge refused to hear the oral motion to vacate.
On December 14, 1992 the plaintiff’s attorney sent to the judge a Motion to Vacate which recited that there was no objection to the entry of an order by the defendant’s attorney and enclosed a proposed order vacating the dismissal. Neither the Motion to Vacate or any order on the motion was filed with the clerk. The motion and proposed order was returned to counsel with a note “CMC order entered 10/20 Motion untimely”. The order of dismissal sought to be vacated was the final order of dismissal rendered on November 25, 1992. Fla.R.Civ.P. 1.540 provides that relief from judgments or orders entered by mistake can be obtained by motion filed not more than one year after the judgment, order or decree is entered. A notice of appeal was filed on December 22, 1992.
Because of the judge’s failure to vacate an order that both parties agreed was mistakenly entered, the plaintiffs attorney took an appeal. The attorneys spent unnecessary time at the expense of their clients and the appellate court was required to spend time on an appeal that was unnecessary.
2. Judge Vitale has demonstrated that she has otherwise rendered conscientious service to the public as a judicial officer during her tenure on the bench and has handled the cases over which she has presided in a diligent manner.
3. Judge Vitale regrets and apologizes that the mistake occurred and regrets any inconvenience, time and expense this may have caused the litigants or the appellate court and recognizes that it lessens the public’s confidence in the Judiciary.
4. Judge Vitale will not contest the Recommendation of the Commission as set forth below, charging her with violation of Canon 1 and will not contest she violated that provision of the Code of Judicial Conduct.
5. The Commission and Judge Vitale waive oral argument.

Recommendation

. After full and deliberate consideration of the charges set forth in the Notice, the Commission by a vote of at least (9) nine members, finds that the conduct of Judge Vitale violated the provisions of Canon 1 and recommends to the Supreme Court of Florida that Judge Vitale [be] publicly reprimanded for her above-described conduct and her violation of Canon 1 of the Code of Judicial Conduct.
We accept the Commission’s findings and recommendation of a public reprimand. By publication of this opinion, we publicly reprimand Judge Vitale for her conduct.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.